[Cite as *State v. Naugle*, 2010-Ohio-3364.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  16-09-22

    v.

GARY NAUGLE,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 09 CR 0044

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:  July 19, 2010

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Jonathan K. Miller* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Gary Naugle ("Naugle") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County finding him guilty of two counts of trafficking in cocaine with specifications of criminal forfeiture and sentencing him to a total of three years in prison. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On or about December 22, 2007, Naugle allegedly sold around two grams of cocaine for $200. Approximately a week later, Naugle allegedly sold around 14 grams of cocaine and received $600 for the sale. The Wyandot County Grand Jury indicted Naugle on May 13, 2009, charging him with two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1) with specifications of criminal forfeiture of the proceeds on both counts. Due to the differing amounts, count one was a felony of the fifth degree and count two was a felony of the third degree. Naugle was extradited from Wyoming to Wyandot County and arraigned on July 10, 2009. On August 19, 2009, Naugle changed his plea to one of no contest to the counts in the indictment. The trial court accepted the plea and found Naugle guilty. On September 8, 2009, Naugle was sentenced to eleven months in prison on count one and three years in prison on count two with the sentences to be served concurrently. The trial court also ordered that the proceeds from the

sale would be forfeited. Naugle appeals from this judgment and raises the following assignments of error.

**First Assignment of Error**

**The trial court improperly imposed forfeiture on each count in the indictment upon [Naugle] in imposing the sentence herein.**

**Second Assignment of Error**

**The conviction of [Naugle] is error as a matter of law in that his due process rights were denied by the failure of the state to timely commence prosecution and to afford him a speedy trial.**

**Third Assignment of Error**

**[Naugle] was afforded ineffective assistance of counsel as trial counsel failed to move the court for dismissal of the indictment herein due to violation of [Naugle's] speedy trial rights.**

{¶3} In the first assignment of error, Naugle claims that the trial court erred in imposing a criminal forfeiture. Forfeiture is generally not favored in Ohio. *State v. Brownridge*, 3d Dist. No. 9-09-24, 2010-Ohio-104. Proceeds derived from the commission of an offense are subject to forfeiture. R.C. 2981.02(A)(2). "Proceeds" is defined as "any property derived directly or indirectly from an offense." R.C. 2981.01(A)(11)(a). If the State proves by a preponderance of the evidence that the property sought is subject to forfeiture, the trier of fact shall enter a verdict specifying the property to be forfeited. R.C. 2981.04(B).

{¶4} Here, the State included criminal forfeiture specifications with each count in the indictment. The indictment specifies that the property sought was the cash money received in exchange for the cocaine sold and specifies the amount. Naugle admitted to the allegations in the indictment, including the amount of money received during the sale when he entered a no contest plea. Thus, the fact that Naugle received $800 in proceeds from the sale of the cocaine was proven beyond a preponderance of the evidence.

{¶5} However, the trafficking offense occurred in 2007 and the State returned the money to Naugle. The State has not alleged that it can identify the specific money that was used in the drug buy, or trace that money to anything Naugle currently has in his possession. Thus, the State has not proven by a preponderance of the evidence that there is specific property that is subject to forfeiture. The State is seeking restitution, not forfeiture. Without identifying the specific property, the State is not entitled to forfeiture in this case. Therefore, the first assignment of error is sustained.

{¶6} In the second assignment of error, Naugle claims that his due process rights were violated by the delay in prosecution and that he was denied a speedy trial. A person charged with a felony must be brought to trial within two hundred seventy days of their arrest. R.C. 2945.71(C)(2). For each day the accused is held in jail in lieu of bail, three days shall be counted. R.C.

2945.71(E). The failure to bring one to trial within the appropriate time will result, upon motion made at or prior to the commencement of trial, in a discharge of the defendant. R.C. 2945.73(B).

{¶7} Naugle was arrested on June 25, 2009, in Wyoming and extradited to Ohio on July 8, 2009. On July 10, 2009, Naugle was arraigned. Naugle then signed a waiver of speedy trial on July 22, 2009. The change of plea hearing was held on August 19, 2009. At no time prior to this did Naugle raise the issue of a speedy trial violation. Since Naugle both waived his right to a speedy trial and failed to raise the issue in the court below, it cannot now be raised on appeal. Even if the right was not waived, Naugle was arrested on June 25, 2009, and changed his plea to one of no contest on August 19, 2009. This is only 55 days from arrest to conviction. Even calculating the days at a rate of three to one the total is only 165 days, well within the statutory requirement of trial within 270 days.

{¶8} While Naugle argues that he was really arrested on December 31, 2007, for the drug trafficking, the record is silent as to the basis for the stop. The record indicates that Naugle was stopped and eventually released and allowed to leave with the proceeds of the sale. Both the State and Naugle allege in their briefs that the 2007 arrest was not based on the sale of the cocaine.[1] Naugle does

---

[1] Naugle's brief indicates that it was a stop for a traffic offense. The State claims that he was arrested on an outstanding warrant. The reason for the arrest was not a part of the record.

argue that the arrest was really just a pretext to allow them to investigate the trafficking charges. Since the record indicates that Naugle was not arrested on the charges before this court until June 2009, we must use that calculation rather than speculating outside of the record as to what the "real" reason for the 2007 arrest was. Having reviewed the evidence and found that the resolution was timely, that a waiver was filed, and that Naugle did not object to the lack of a speedy trial, the second assignment of error is overruled.

{¶9} Finally, Naugle alleges that he was denied effective assistance of counsel because his attorney did not raise the speedy trial issue. This court notes that Naugle requested and received new counsel on August 5, 2009. In the motion, Naugle requested Charles Hall be appointed as his counsel rather than James Melle. The trial court granted the request and appointed Charles Hall as counsel on August 5, 2009.

{¶10} "Reversal of convictions on ineffective assistance requires the defendant to show 'first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, ¶ 105, 772 N.E.2d 81. The defendant must show that there was a reasonable probability that but for counsel's errors, the result of the trial would have been different. Id. at ¶108. Naugle claims that different counsel would have raised the speedy trial

issue and that would have resulted in a dismissal of the case. However, this court has already addressed this issue and determined that there was no speedy trial violation. Thus, even if another attorney would have raised the issue, the result would have been the same. Naugle was not denied effective assistance of counsel and the third assignment of error is overruled.

**{¶11}** The judgment of the Court of Common Pleas of Wyandot County is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings in accord with this opinion.

*Judgment Affirmed in Part*
*Reversed in Part and*
*Cause Remanded*

**ROGERS, J., and PRESTON, J., concur.**

**/jlr**